
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACM PENFIELD CR, LLC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES ANDREW JOLLEY TALLEY, ET AL., <br><br> Defendants. | **Civil No. 13-1729 (SEC)** |

## MEMORANDUM AND ORDER

The plaintiff brought this diversity action to collect on a mortgage note and foreclose on a mortgaged property, Docket # 1, and in due season, judgment was entered against the defendants. Dockets ## 30, 32. Having secured a writ of execution, Docket # 35; see Fed. R. Civ. P. 69(a)(1), the plaintiff now moves for an order confirming the first and only public sale, held on April 10, 2015, by the court-appointed Special Master. Docket # 37; see P.R. Laws Ann. tit. 30, § 2725 (providing that if "the requirements . . . have been complied with or duly observed . . . [a court] shall immediately issue an order confirming the award or sale of the mortgaged properties"). There, the mortgaged property was sold to the only bidder: The plaintiff. See Docket # 37-1. Because this sale violated the minimum-bid requisite, however, this motion is **DENIED**.

It is common ground that courts can order a judicial sale of a property to enforce a money judgment, see Fed. R. Civ. P. 69(a)(1), and that, barring an applicable federal statute, state law controls the process. Id. As to the judicial sale of property, 28 U.S.C. § 2001 dictates the location of the sale, but state law prescribes the procedure. Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 350 (1st Cir. 1997); accord Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 396 n. 16 (D.P.R. 1981).

Puerto Rico Civil Procedure Rule 51.8 governs judicial sales, P.R. Laws Ann. tit. 42, Ap. III, R. 51.8, while the Puerto Rico Mortgage Law, P.R. Laws Ann. tit. 30, §§ 2001-2821, prescribes specific procedures for mortgage foreclosures. See generally In re Martínez Ortiz, 306 B.R. 727, 730 (Bankr. D.P.R. 2004). As relevant here, "[t]he price at which the contracting parties appraised the property in the mortgage deed shall serve as a standard for the auction procedure and no bid below this standard shall be accepted." P.R. Laws Ann. tit. 30, § 2721 (emphasis added). This requirement is mandatory. See Ponce Fed. Sav. v. Gómez, 8 P.R. Offic. Trans. 621, 627 (1979); S.L.G. Sánchez v. S.L.G. Valentin, 186 P.R. Dec. 503, 510-11 (2012). "If there is no highest bidder or sale in the first auction," Puerto Rico law further commands, "the standard for the second auction shall be two-thirds of the price agreed upon." P.R. Laws Ann. tit. 30, § 2721. And "[i]f there is no highest bidder or sale in the second auction, the standard for the third auction shall be half of the price agreed upon." Id.

Here, according to the mortgage note, the "minimum bidding amount for the public auction," Docket # 28-2, p. 21, was "$575,000.00." Id. at 2; see Junta de Retiro para Maestros v. Registrador, 9 P.R. Offic. Trans. 757, 763 (1980) (noting that the "parties . . . by including in the deed the upset price for the public sale, may determine what value the real property should have at the time the public sale is opened"). Yet the Special Master's report, Docket # 37-1, makes manifest that, at the first public sale, the plaintiff bought the property for $420,000—well below the minimum bid. That sale therefore violated the minimum-bid requisite; so it cannot be confirmed. See P.R. Laws Ann. tit. 30, § 2725. And "[w]ithout this confirmation, the procedure will not be valid nor shall the award or sale be recordable in the Registry." Id.

For the reasons stated, the motion for confirmation of sale is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of June, 2015.

>*s/ Salvador E. Casellas*
>SALVADOR E. CASELLAS
>U.S. Senior District Judge