# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ACM Penfield, LLC.,

    Plaintiff,

        v.                          **Civil No. 13-1729 (SEC)**

Charles Andrew Jolley-Talley, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

ACM Penfield CFL, LLC (AMC or Plaintiff) brought this diversity action to collect on a mortgage note and foreclose a mortgage property appraised at $575,000. Docket # 1, ¶ 8. In due course, the Court entered judgment for Plaintiff. Dockets ## 30, 32. After AMC secured a writ of attachment and execution of judgment, Docket # 35, the Court-appointed Special Master held the first and only public sale. There, the property was sold to Plaintiff—the only bidder at the auction—for a judgment credit bid of $420,000.00. Docket # 37-1. Puerto Rico mortgage law, however, locks the minimum bid in the first judicial sale to "[t]he price at which the contracting parties appraised the property in the mortgage deed." P.R. Laws Ann. tit. 30, § 2721 ("no bid below this standard shall be accepted"); see also Ponce Fed. Sav. v. Gómez, 8 P.R. Offic. Trans. 621, 627 (1979). Because Plaintiff's $420,000 credit-bid was lower than the legally mandated starting bid—in this case $575,000—the Court denied Plaintiff's motion for confirmation of sale. Docket # 39.

Plaintiff now moves the Court to reconsider its order denying the motion for confirmation of sale. ACM posits that since the mortgage deed has never been recorded in the Property Registry, Puerto Rico mortgage law is inapplicable. Docket # 40 at 2. Because AMC failed to rebut the legal presumption that the mortgage deed was recorded in the Registry as a matter of law, Plaintiff's motion is **DENIED.**

Under Puerto Rico law, a mortgage is validly constituted only if is "stipulated in a deed" that is "recorded in the Property Registry." P.R. Laws Ann. tit. 30, § 2607. Without the recording, "a creditor only has an unsecured personal obligation regarding the underlying debt." Soto-Ríos v. Banco Popular de Puerto Rico, 662 F.3d 112, 121 (1st Cir. 2011); see also Roig Commercial Bank v. Dueno, 617 F. Supp. 913, 915 (D.P.R. 1985)("Failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker.").

"The presentation of the mortgage deed at the Registry of Property is the catalyst for the recording process in Puerto Rico." In re Ramos, 493 B.R. 355, 364 (Bankr. D.P.R. 2013). After presentation, "the registrar must pass judgment on the documents within sixty days, or some 'just cause' period thereafter, and then either…record them or alert the applicant [of] any defect." Soto-Ríos, 662 F.3d at 121. The sixty-day term, however, is "illusory" because virtually anything may constitute "just cause" under the law. See In re Rios, 420 B.R. 57, 70 (Bankr. D.P.R. 2009)(noting that "[i]n the majority of cases, three to five years elapse between the date of presentation and the date the Property Registrar" passes judgment on the documents presented).

Recognizing the widespread delay in the Registry's recording process, the Commonwealth enacted the "Act to Streamline the Property Registry," Law. No. 216, Dec. 27, 2010, P.R. Laws Ann. tit. 30, § 1821 (Law 216). Under this law, "all documents presented as of April 30, 2010, with enumerated exceptions, are deemed re[corded] as a matter of law." Soto-Rios, 662 F.3d at 114 n. 1. The enumerated exceptions are: 1) documents concerning partitions of properties, 2) grouping of properties, 3) attachment of properties, 4) eminent domain, and 5) ownership records; documents 6) correcting room-space or describing an excess; 7) documents constituting a horizontal property regime; 8) subsequent documents arising from the preceding transactions; and 9) documents notified, expired or under reconsideration. Id. Barring these exceptions, "Law 216 creates, in essence, a rebuttable presumption of valid recordation," In re Ramos, 493 B.R. at 368.

Generally, mortgage deeds do not fall within these enumerated exceptions. In fact, the Puerto Rico legislature enacted Law 216 partly because it was concerned with the impact that the Registry's delay in recording mortgages had on Puerto Rico's economic development. The preamble of Law 216 acknowledges that "commercial and mortgage banks l[end] capital…[to the extent] they [are] [sure] their investments are guaranteed by real property mortgages." Law 216, Preamble (certified translation).[1] Accordingly, delays in recording mortgages "hinder such loans from having true guarantees, thus making access to capital more difficult and consequently, [also hinder] economic development." Id.

---

[1] A certified translation of Law 216 and its preamble is attached as Exhibit # 1 to this order.

While Law 216's exceptions are not generally applicable to mortgage deeds, the last one—documents notified, expired or under reconsideration, see P.R. Laws Ann. tit. 30, § 1821—is not document-specific, and thus may apply to mortgage deeds. Still, nothing on the record suggests that the Registrar notified any defects, that the entry of the mortgage deed expired, or that it is under reconsideration. Moreover, the presentation of the deed does not expire or is otherwise void by "the mere passage of time caused by [the] [R]egistrar['s] delay." Soto-Rios, 662 F.3d at 122 (citing P.R. Laws Ann. tit. 30, § 2255 (entry of presentation expires where notified defect is not seasonably corrected)).

In this case, the mortgage deed entered the Registry on April 26, 2004, Docket # 28-1 at 2, long before Law 216's trigger date. Because the record does not reflect that any of Law 216's enumerated exceptions apply[2] and because Plaintiff failed to rebut Law 216's "presumption of valid recordation," In re Ramos, 493 B.R. at 368—in fact, Plaintiff's three-page motion does not mention Law 216 at all—the mortgage deed is deemed recorded as a matter of law. Soto-Rios, 662 F.3d at 114 n. 1. As a result, the judicial sale had to comply with the minimum-bid requirements of Puerto Rico mortgage law. Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February, 2016.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[2] Procedural logic and finality considerations suggest the same result. Even if Law 216 did not apply, "for all intents and purposes," a future recording would relate back to April 26, 2004; long before the date of the judicial sale. See In re Ramos, 493 B.R. at 364; P.R. Laws Ann. tit. 30, § 2256 ("For all intents and purposes, the [recording] date [shall be considered the presentation date] which [shall] appear in the [recording] itself"). In that case, failure to comply with Puerto Rico mortgage law minimum-bid requirements now could void the judicial sale in the future. See e.g. Coop. Ahorro y Cred. v. Registrador, 142 D.P.R. 369 (1997) (affirming the Registrar's decision not to record a judicial sale where, among other things, it was not clear whether the plaintiff's credit bid was sufficient to satisfy the minimum-bid requirement).